UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

COURTNEY GRAHAM, individually and
on behalf of others similarly situated,

**ECF CASE**

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

Plaintiff,

Rule 23 Class Action

-against-

FLEXTRONICS AMERICA, LLC.,

Jury Trial Demand

Defendant.

**09 CIV. 6398**

*JUDGE SEIBEL*

-------------------------------------------------------x

Plaintiff, COURTNEY GRAHAM, by his attorneys, The Law Office of ROBERT DAVID

GOODSTEIN, ESQ., alleges as follows:

## NATURE OF ACTION

1.     This is an action on behalf of Courtney Graham to recover overtime wages,

liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labors Standard Act of

1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Minimum Wage Act, N.Y. Lab. Law

§§ 650 *et seq.*

2.     Plaintiff seeks certification of this action as a collective action on behalf of

himself, individually, and all other similarly situated employees and former employees of the

Defendant, pursuant to 29 U.S.C. § 216(b).

## PARTIES, JURISDICTION AND VENUE

3.     On information and belief, defendant Flextronics America, LLC., is a corporation doing business in New York with its principal place of business, located at 2 Executive Drive, Suite 420, Sommerset, New Jersey 08873. In each year from 2000 to the present, defendant had gross annual revenue of over $500,000.

4.     Plaintiff Graham who resides in Mount Vernon, Westchester County, New York and has been employed by defendant OSA Team Leader for approximately eight (8) years through June 18, 2009.

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1337 (interstate commerce) and 29 U.S.C. § 216 (FLSA). Supplemental jurisdiction over plaintiff's state law claims is conferred by 28 U.S.C. § 1367 (a).

6.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) in that all or a substantial part of the events or omissions giving rise to the claims occurred and plaintiff resides in this district.

7.     Defendant has employed employees at their places of business in the activities of an enterprise engaged in commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The corporate enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in each enterprise engaged in commerce within the meaning of Sections 3(s) (1) (A) of the Act.

8.     Defendant in many work weeks willfully and repeatedly violated the provisions of Sections 7 and 15(a) (2) of the Act by employing many of their employees employed in an

2

enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than those prescribed in Section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, defendant are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act, or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgement interest on said unpaid overtime compensation under Section 17 of the Act.

9.      Defendant has willfully and repeatedly have violated the provisions of the Act as alleged above.

10.     Defendant had a policy and practice of requiring plaintiff and all Team Leaders to work 25-30 hours overtime per week. Thus, Defendant regularly required plaintiff to work in excess of 8 hours a day, five days a week. Plaintiff and all Team Leaders did actual line work as well as supervise.

11.     Defendant paid plaintiff a salary wage regardless of how many hours plaintiff worked, and without paying him the overtime compensation required by federal and state law and regulations.

## COLLECTIVE ACTION CLAIMS

12.     On information and belief, there are at least 15 or more workers currently or formerly employed by Defendant who are similarly situated to Plaintiff, in that their work schedules, and the method by which and amounts in which they were paid, were similar to Graham, giving rise to similar claims under the overtime laws and regulations. Plaintiff is a representative of these workers and is acting on behalf of the similarly situated workers interests as well as his own in

bringing this action.

13.     Similarly situated former and current employees are readily identifiable and locatable through Defendant's records. The similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. §216 (b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiff, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

14.     Plaintiff sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

15.     Plaintiff brings his New York Labor Law overtime claims on behalf of all persons who are or were employed by Defendant in the State of New York, on or after the date that is six years before the filing of the complaint on this case, to June, 2009 when Defendant commenced paying Field Team Supervisors, the new title for Team Leaders overtime (the "New York Class Period"). All said persons, including Plaintiff, are referred to herein as the "New York Class."

16.     The persons in the New York Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendant, there are, on information and belief approximately 100 members of the New York Class during the New York Class Period. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative parties are typical of

4

the claims of the class.

17.     The representative party will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

18.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiff lacks the financial resources to prosecute vigorously a lawsuit in federal court against corporate defendant. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

19.     Defendant have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with the respect to the class as a whole.

20.     The claims of Plaintiff are typical of those of the class. Plaintiff and other class members were subjected to Defendant policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime. The job duties of the named Plaintiff were and are typical of those of class members.

21.     There are questions of law and fact common to the New York Class which predominate over any questions solely affecting individual members of the Class, including:

        a.     What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of wages for all hours worked;

5

b.    whether Defendant failed and/or refused to pay Plaintiff the overtime at the

premium rate within the meaning of the New York State Labor Law;

c.    at what common rate, or rates subject to common methods of calculation, was

and is Defendant required to pay the class members for their work.

22.    Defendant has a policy and practice of "permitting" plaintiff and similarly situated

Team Leaders to work in excess of 40 but only pay them for 40 hours. As hours actually worked,

even if not authorized are compensatable as overtime, defendant must pay plaintiff and similarly

situated employees one and one-half their regular rate of pay. Chao v. Gotham Registry, Inc., 514

F 3d 280, (2nd Circ. January 24, 2008).

23.    Defendant regularly permitted plaintiff and similarly situated employees to work in

excess of 8 hours a day, five days a week or over 40 hours per week.

24.    Plaintiff, Graham, consents to this action pursuant to the Fair Labor Standards Act.

**FIRST CAUSE OF ACTION**

**Violation of the Overtime Provisions of the FLSA**

25.    Plaintiff repeats and realleges paragraphs above.

26.    At all times relevant to this action, defendant was engaged in interstate commerce or

in an industry or activity affecting commerce, and its employees used products that moved or were

produced in interstate commerce.

27.    At all times relevant to this action, the plaintiff used or handled goods that moved

or were produced in interstate commerce.

28.    Defendant constitute an enterprise within the meaning of 29 U.S.C. §203.

29.    At all relevant times, defendant was the plaintiff's employer within the meaning of

6

29 U.S.C. §203(d). Defendant had the power to hire and fire plaintiff, control the terms and conditions of his employment, and determine the rate and method of his compensation.

30.  Defendant willfully and intentionally failed to pay plaintiff's overtime compensation at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. §207(a)(1).

31.  Defendant failure to pay overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

32.  Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### Violation of the Overtime Provisions of the New York Labor Law

33.  Plaintiff repeats and realleges paragraphs above.

34.  At all relevant times, defendants was the plaintiff's employer within the meaning of N.Y. Lab. Law §§ 2 and 651.

35.  Defendant failed to pay plaintiff overtime compensation at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law §§ 650 *et seq.* and supporting regulations of the New York State Department of Labor.

36.  Defendant's failure to pay plaintiff at the applicable overtime rates was willful within the meaning of N.Y. Lab. Law §§ 663.

37.  Plaintiff have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully request that this Court enter judgment against defendant.

A.      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative class members, apprizing them of the pendency of this action, and permitting them promptly to file consents to be party plaintiffs in the FLSA claims this action;

B.      Designating this action as a class action under Rule 23 of the Federal Rules of Civil Procedure pursuant to Rule 23 to all putative class members for applicable claims under New York Labor Law;

C.      On the First and Second Causes of Action, awarding plaintiff damages for lost income, liquidated damages, costs, interest, and reasonable attorneys' fees pursuant to the FLSA and/or the New York Labor Law and regulations, in an amount to be determined at trial;

D.      For such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff hereby demands trial by jury on all issues so triable.


Dated: New Rochelle, New York
       July 6, 2009

Yours, etc.
The Law Office of

ROBERT DAVID GOODSTEIN, ESQ.

By: _____

Robert David Goodstein, Esq (RDG5443)
*Attorneys for Plaintiff*
56 Harrison Street, Suite 401
New Rochelle, New York 10801
(914) 632-8382

9

I, Courtney Graham, the plaintiff in the within action, Graham v. Flextronics America LLC., hereby consents to the institution of a Fair Labor Standards Act lawsuit for uncompensated overtime.

_____
COURTNEY GRAHAM